**UNITED STATES of America,
Plaintiff,**

v.

**TWO REVOLVERS & ONE SHOTGUN,
Defendant.**

**No. 8553.**

United States District Court,
W. D. Washington, N. D.

May 19, 1970.

Stan Pitkin, U. S. Atty., William C. Erxleben, Asst. U. S. Atty., Seattle, Wash., for plaintiff.

Bruce G. Gallagher, of Michelson, Rutter & Gallagher, Lynnwood, Wash., for defendant.

## OPINION

BEEKS, District Judge.

Defendant, through claimant, has moved for Summary Judgment on the ground that the firearms were not subject to seizure under 18 U.S.C. § 924(d) in that claimant was not a felon within the meaning of 18 U.S.C. § 1202(a) (1) Appendix.[1]

Claimant pleaded guilty in the State of Tennessee to the crime of petit larceny, punishable by not less than (1) year nor more than (5) years. Claimant pleaded guilty on the assurance that the plea would result in reducing the crime to a misdemeanor [2] and would avoid serving time in the state penitentiary. In fact a jury was impaneled [3] and recommended that in view of the guilty plea claimant be found guilty of a misdemeanor and sentenced to the county workhouse to a confinement of eleven months and twenty-nine days.[4] Claimant served this term.

Under 18 U.S.C. § 1202(c) (2) Appendix, felony has been defined as follows:

"'felony' means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less;"

Thus if claimant was subject to a term of imprisonment for a term of two years or less he would be a misdemeanant by Federal standards. However, the Tennessee misdemeanor statute [5] simply separates felonies and misdemeanors by the place of imprisonment or the death penalty. For the potential length of sentence one must turn to the substantive Tennessee statute, in this case, Petit Larceny, containing a five year maximum.

Because of the five year maximum claimant was clearly a felon by Federal standards and the two revolvers and one shotgun were properly seized. Defendant's motion for Summary Judgment will be denied.

1. (a) Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * *.

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. A. Tennessee Code Annotated 39–103 "Felonies and Misdemeanors distinguished."

All violations of law punished by imprisonment in the penitentiary or by the infliction of the death penalty, are, and shall be denominated, felonies, and all violations of law punished by fine or imprisonment in the County jail or workhouse, or both, shall be denominated misdemeanors.

3. B. Tennessee Code Annotated 39–4205 "Lighter penalty permitted on recommendation or verdict of jury in case of petit larceny or receiving stolen goods."

Upon the recommendation of a jury in petit larceny, the Court may substitute in lieu of punishment in the state penitentiary, fine or imprisonment in the County jail or both.

4. Both counsel have assured the Court that 39–103 and 39–4205 are the only Tennessee statutes relevant to the misdemeanor issue.

5. See Note 2.